IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE M. KOVACH, on behalf of herself and other persons similarly situated<br>3896 West 227th Street<br>Fairview Park, Ohio 44126 | ) | CASE NO.<br><br>JUDGE |
| Plaintiff | ) | **COMPLAINT** |
| vs. | ) | **(*JURY DEMAND ENDORSED HEREON*)** |
| AFFINITY WHOLE HEALTH LLC,<br>c/o Jerry Sloan, Statutory Agent<br>3311 Richmond Road<br>Beachwood, Ohio 44122 | ) | |
| and | ) | |
| JERRY SLOAN,<br>3311 Richmond Road<br>Beachwood, Ohio 44122 | ) | |
| and | ) | |
| BRIAN ZEID,<br>3311 Richmond Road<br>Beachwood, Ohio 44122 | ) | |
| Defendants | | |

The plaintiff, Christine M. Kovach ("Plaintiff), for her Complaint against the defendants Affinity Whole Health LLC ("AWH"), Jerry Sloan ("Sloan"), and Brian Zeid ("Zeid") (collectively "Defendants"), alleges as follows:

**PARTIES**

1. Plaintiff brings this action against Defendants: (1) to recover unpaid overtime compensation under provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. (the "FLSA"); (2) to remedy violations of the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.01 et seq., (the "OMFWSA"); and (3) to recover unpaid wages pursuant to the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15, and for nonpayment by Defendants of her final paycheck.

2. AWH is an Ohio for-profit corporation that does business in the Northern District of Ohio and, at all relevant times, has been an "employer" as defined under the FLSA, 29 U.S.C. § 203(d), the OMFWSA, Ohio Rev. Code § 4111.03(D), and the OPPA, Ohio Rev. Code § 4113.15.

3. Sloan and Zeid are the owners of AWH and, at all relevant times, have been "employers" as defined under the FLSA, 29 U.S.C. § 203(d), the OMFWSA, Ohio Rev. Code § 4111.03(D), and the OPPA, Ohio Rev. Code, § 4113.15

4. Sloan and Zeid also are the owners of Affinity Physician Network LLC ("APN"), Core Pharmacy LLC ("Core"), Avalon Management LLC ("Avalon"), and Avalon Holdings, which are sister corporations of AWH and/or affiliated entities and/or subsidiaries of AWH (collectively, the "Company").

5. The Company worked in conjunction with AWH to facilitate AWH's marketing, production, and sale of goods and services, and AWH employees, including, but not limited to the Plaintiff, were also required by the Defendants to perform work on behalf of and for the benefit of the Company.

6. At all relevant times, Defendants engaged in interstate commerce, and produced goods for interstate commerce, and/or handled, sold, or worked on goods or materials that have been moved in or produced for interstate commerce. In particular, and not by means of limitation, Defendants marketed, produced, and sold goods and services, both within and outside of Ohio, which included Bioidentical Hormone Replacement Therapy, Anti-Aging Therapy, and Injectable Vitamins and Supplements.

7. Defendants' gross annual sales made or business done has been $500,000.00 or greater per year at all relevant times.

8. Plaintiff currently resides in Cuyahoga County, Ohio and at all relevant times resided in Cuyahoga County, Ohio.

9. Defendants hired Plaintiff as a medical receptionist on January 1, 2020, and she remained employed by Defendants through February 3, 2021.

10. Plaintiff was an employee of Defendants as defined by the ("FLSA"), 29 U.S.C. § 203(d), (e)(1), and (g), the OMFWSA, Ohio Rev. Code § 4111.03(D), and the OPPA, Ohio Rev. Code, § 4113.15.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States, and pursuant to the FLSA, 29 U.S.C. § 216(b).

12. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

13. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) as: (1) AWH is doing business in Cuyahoga County, Ohio and maintains an office located Cuyahoga County, Ohio; (2) Sloan and Zeid also reside in and do business in Cuyahoga County, Ohio; (3) APN, Core, and Avalon also do business in Cuyahoga County, Ohio and maintain offices located in Cuyahoga County, Ohio; and (4) the causes of action alleged herein all arise from Defendants' activities in Cuyahoga County, Ohio.

**FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS**

14. AWH is a provider of goods and services for *inter alia* Bioidentical Hormone Replacement Therapy and Anti-Aging Therapy, and also a provider of Injectable Vitamins and Supplements.

15. Plaintiff seeks to recover unpaid overtime compensation and other benefits of employment to which she was entitled under the FLSA, 29 U.S.C. § 201, et seq.

16. At all times relevant Defendants compensated Plaintiff for her work on an hourly basis, at the rate of $25.50 per hour. Plaintiff routinely worked in excess of 40 hours a week. See, e.g., Plaintiff's ADP Earnings Statements from 01/01/2020 to 02/15/2021, copies of which are attached hereto and incorporated herein as Exhibit 1.

17. Plaintiff was not paid by the Defendants for all of the overtime she worked in excess of 40 hours a week. See Exhibit 1.

18. For example, and not by means of limitation, Plaintiff's ADP Earnings Statements contained in Exhibit 1 show, for the Pay Period starting 01/16/2020 and ending on 01/31/2020, Plaintiff worked 114.82 hours, but Defendants failed to pay Plaintiff at a rate of one and one-half (1.5) times her regular rate of pay (i.e. $38.25 per hour) for 34.82 overtime hours she worked, as required by the FLSA, which resulted in Plaintiff not receiving $443.95 of overtime pay.

19. For example, and not by means of limitation, Plaintiff's ADP Earnings Statements contained in Exhibit 1 also show, for the Pay Period starting 03/16/2020 and ending on 03/31/2020, Plaintiff worked 98.76 hours, but Defendants failed to pay Plaintiff at a rate of one and one-half (1.5) times her regular rate of pay (i.e. $38.25 per hour) for 16.28 overtime hours she worked, as required by the FLSA, which resulted in Plaintiff not receiving $207.57 of overtime pay.

20. For example, and not by means of limitation, Plaintiff's ADP Earnings Statements contained in Exhibit 1 show, for the Pay Period starting 04/01/2020 and ending on 04/15/2020, Plaintiff worked 89.38 hours, but Defendants failed to pay Plaintiff at a rate of one and one-half (1.5) times her regular rate of pay (i.e. $38.25 per hour) for 7.43 overtime hours she worked, as required by the FLSA, which resulted in Plaintiff not receiving $94.73 of overtime pay.

21. For example, and not by means of limitation, Plaintiff's ADP Earnings Statements contained in Exhibit 1 show, for the Pay Period starting 04/16/2020 and ending on 04/30/2020, Plaintiff worked 90.72 hours, but Defendants failed to pay Plaintiff at a rate of one and one-half (1.5) times her regular rate of pay (i.e. $38.25 per hour) for 8.67 overtime hours she worked, as required by the FLSA, which resulted in Plaintiff not receiving $110.54 of overtime pay.

22. For example, and not by means of limitation, Plaintiff's ADP Earnings Statements contained in Exhibit 1 show, for the Pay Period starting 05/01/2020 and ending on 05/15/2020, Plaintiff worked 87.28 hours, but Defendants failed to pay Plaintiff at a rate of one and one-half (1.5) times her regular rate of pay (i.e. $38.25 per hour) for 6.50 overtime hours she worked, as required by the FLSA, which resulted in Plaintiff not receiving $82.87 of overtime pay.

23. For example, and not by means of limitation, Plaintiff's ADP Earnings Statements contained in Exhibit 1 show, for the Pay Period starting 06/01/2020 and ending on 06/15/2020, Plaintiff worked 87.31 hours, but Defendants failed to pay Plaintiff at a rate of one and one-half (1.5) times her regular rate of pay (i.e. $38.25 per hour) for 6.58 overtime hours she worked, as required by the FLSA, which resulted in Plaintiff not receiving $83.89 of overtime pay.

24. For example, and not by means of limitation, Plaintiff's ADP Earnings Statements contained in Exhibit 1 show, for the Pay Period starting 06/16/2020 and ending on 06/30/2020, Plaintiff worked 87.45 hours, but Defendants failed to pay Plaintiff at a rate of one and one-half (1.5) times her regular rate of pay (i.e. $38.25 per hour) for 7.45 overtime hours she worked, as required by the FLSA, which resulted in Plaintiff not receiving $94.99 of overtime pay.

25. For example, and not by means of limitation, Plaintiff's ADP Earnings Statements contained in Exhibit 1 show, for the Pay Period starting 07/16/2020 and ending on 07/31/2020, Plaintiff worked 95.62 hours, but Defendants failed to pay Plaintiff at a rate of one and one-half (1.5) times her regular rate of pay (i.e. $38.25 per hour) for 15.60 overtime hours she worked, as required by the FLSA, which resulted in Plaintiff not receiving $198.90 of overtime pay.

26. For example, and not by means of limitation, Plaintiff's ADP Earnings Statements contained in Exhibit 1 show, for the Pay Period starting 09/16/2020 and ending on 09/30/2020, Plaintiff worked 85.28 hours, but Defendants failed to pay Plaintiff at a rate of one and one-half (1.5) times her regular rate of pay (i.e. $38.25 per hour) for 5.28 overtime hours she worked, as required by the FLSA, which resulted in Plaintiff not receiving $67.32 of overtime pay.

27. For example, and not by means of limitation, Plaintiff's ADP Earnings Statements contained in Exhibit 1 show, for the Pay Period starting 10/01/2020 and ending on 10/15/2020, Plaintiff worked 90.08 hours, but Defendants failed to pay Plaintiff at a rate of one and one-half (1.5) times her regular rate of pay (i.e. $38.25 per hour) for 9.33 overtime hours she worked, as required by the FLSA, which resulted in Plaintiff not receiving $118.96 of overtime pay.

28. For example, and not by means of limitation, Plaintiff's ADP Earnings

29. Statements contained in Exhibit 1 show, for the Pay Period starting 10/16/2020 and ending on 10/31/2020, Plaintiff worked 87.63 hours, but Defendants failed to pay Plaintiff at a rate of one and one-half (1.5) times her regular rate of pay (i.e. $38.25 per hour) for 4.30 overtime hours she worked, as required by the FLSA, which resulted in Plaintiff not receiving $54.82 of overtime pay.

30. For example, and not by means of limitation, Plaintiff's ADP Earnings Statements contained in Exhibit 1 show, for the Pay Period starting 12/01/2020 and ending on 12/15/2020, Plaintiff worked 88.73 hours, but Defendants failed to pay Plaintiff at a rate of one and one-half (1.5) times her regular rate of pay (i.e. $38.25 per hour) for 7.50 overtime hours she worked, as required by the FLSA, which resulted in Plaintiff not receiving $95.62 of overtime pay.

31. Defendants had actual and/or constructive knowledge that they failed to pay Plaintiff for work she performed, as set forth above, because Defendants had a practice and/or policy of periodically, and intentionally, overriding the ADP payroll services automatic computation of Plaintiff's overtime pay for hours she worked in excess of 40 hours a week.

32. As a result of Defendants' practices and policies, Plaintiff was not compensated for all of the time she worked in excess of 40 hours each workweek.

33. Defendants failed to pay at a rate of one and Plaintiff one-half (1.5) times her regular rate of pay for the overtime hours she worked as required by the FLSA.

34. Defendants knew that Plaintiff performed work that required proper payment of overtime compensation.

35. Defendants were aware of their unlawful payment practices, and willfully and recklessly chose to disregard the consequences of their actions.

**COUNT ONE**

**Violation of the FLSA**

36. Plaintiff incorporates the foregoing paragraphs as if fully rewritten herein.

37. At all times material to this action, AWH was an enterprise as defined by the FLSA, 29 U.S.C. § 203(r)(1), and engaged in commerce or in the production of goods for commerce as defined by §§ 203(b) and (s)(1) of the FLSA.

38. At all times relevant to this action, AWH was an "employer" of Plaintiff as defined by § 203(d) of the FLSA.

39. At all times material to this action, Sloan and Zeid were "employers" of Plaintiff as defined by § 203(d) of the FLSA.

40. At all times material to this action, Plaintiff was an "employee" of Defendants as defined by § 203(e)(1) of the FLSA and worked for Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

41. The provisions set forth in § 207 of the FLSA apply to Defendants, and to Plaintiff who was covered by § 207 of the FLSA while she was employed by Defendants.

42. At all times relevant to this action, Defendants employed Plaintiff in hourly, non-supervisory non-exempt positions.

43. Defendants intentionally failed and/or refused to pay Plaintiff according to the provisions § 207 of the FLSA, which requires employers to pay non-exempt employees for work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which she was paid.

44. During the time she was employed by Defendants, Plaintiff's regular rate of pay was $25.50 an hour.

45. For at least three years, Defendants have been aware of the requirements of the FLSA and of its failure to keep records of all of the hours worked each workday by Plaintiff, and other nonexempt employees, and the total hours worked each workweek by Plaintiff and other non-exempt employees, in violation of FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 516.2(a)(7).

46. For at least three years, Defendants have been aware of the requirements of the FLSA and its corresponding regulations. Despite this knowledge, Defendants have failed to pay Plaintiff the amount of pay § 207 of the FLSA requires.

47. Defendants have engaged in a pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with § 207 of the FLSA.

48. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly disregarded and violated the provisions of the FLSA.

49. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive the compensation to which she was entitled pursuant to § 207 of the FLSA.

50. In addition to the amount of unpaid wages and benefits owing to Plaintiff, she is also entitled to recover an equal amount in addition to those damages as liquidated damages pursuant to 29 U.S.C. § 216(b). She is also entitled to prejudgment interest on her damages.

51. Defendants' actions in failing to compensate Plaintiff in violation of the FLSA were willful, as evidenced by, but not limited to, the following: (1)

52. Defendants did not make a good faith effort to comply with the FLSA.

53. Plaintiff is entitled to an award of attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT TWO**

**Violation of the OMFWSA**

54. Plaintiff incorporates the foregoing paragraphs as if fully rewritten herein.

55. Plaintiff brings this claim to recover unpaid overtime compensation under the

56. OMFWSA, Ohio Rev. Code, § 4111.03 and § 4111.10.

57. The acts of which Plaintiff complains are also in violation of the OMFWSA, § 4111.03 and § 4111.10 of the Ohio Rev. Code.

58. As a result of Defendants' practices and policies, Plaintiff has been damaged in that she has not received wages due her pursuant to the OMFWSA.

**COUNT THREE**

**Violation of the OPPA**

59. Plaintiff incorporates the foregoing paragraphs as if fully rewritten herein.

60. The OPPA, Ohio Rev. Code § 4113.15, requires that all wages due and owing be paid by the employer within the time period specified therein.

61. Ohio Rev. Code § 4113.15(B) makes an employer who fails to make wage payments for 30 days beyond the regularly scheduled pay day or, where no regularly scheduled pay day is applicable, for 60 days beyond the filing of a claim, liable for liquidated damages in an amount equal to 6% of the amount of the wages still unpaid and in contest or disputed, or $200.00, whichever is greater.

62. Defendants did not pay Plaintiff for all the work she performed during her final pay period.

63. Defendants are liable to Plaintiff for all unpaid wages.

64. Defendants are additionally liable for liquidated damages.

WHEREFORE, Plaintiff respectfully requests that judgment be rendered against the Defendants, jointly and severally, on all of the above claims, together with interest and costs, and for the following relief:

A. On Count One:

1. That Plaintiff be awarded damages in the amount of her respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

2. That Plaintiff's reasonable attorneys' fees, and the costs and expenses of this action, be paid and/or reimbursed by Defendants; and

3. For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which she may be entitled.

B. On Count Two:

1. That Plaintiff be awarded the amount of her respective unpaid compensation and benefits, and prejudgment interest, pursuant to the OMFWSA, and Ohio Revised Code § 4111.03 and § 4111.10;

2. That Plaintiff's reasonable attorneys' fees, and the costs and expenses of this action, be paid and/or reimbursed by Defendants, pursuant to the OMFWSA, and Ohio Revised Code § 4111.03 and § 4111.10; and

3. For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which she may be entitled.

C. On Count Three:

1. That Plaintiff be paid all unpaid wages due and owing pursuant to the OPPA, Ohio Revised Code § 4113.15, et seq., together with liquidated damages, and attorneys' fees; and

2. For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which she may be entitled.

Respectfully submitted,

*/s/ Brian Green*

Brian Green ((0063921)
bgreen@shaperolaw.com
James A. Marx (0038999)
jmarx@shaperolaw.com
SHAPERO & GREEN, LLC
Signature Square II, Suite 220
25101 Chagrin Boulevard
Beachwood, Ohio 44122
Office: (216) 831-5100
*Attorneys for Plaintiff Christine Kovach*

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all causes of action.

*/s/ Brian Green*
Brian Green (0063921)

P:\Brian\Kovach.Christine\Complaint