UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE KOVACH, | ) | CASE NO. 1:21-cv-01817 |
| Plaintiffs, | ) | |
| v. | ) | JUDGE DAVID A. RUIZ |
| AFFINITY WHOLE HEALTH LLC, et al., | ) | MEMORANDUM OPINION AND ORDER |
| Defendants. | ) | |

## I. Procedural History

Plaintiff Christine Kovach's three-count Complaint raises the following claims against Defendants Affinity Whole Health LLC, Jerry Sloan, and Brian Zeid (Defendants): (1) a violation of the Fair Labor Standards Act (FLSA) for failing to pay overtime for hours worked in excess of forty hours per week; (2) a violation of the Ohio Minimum Fair Wage Standards Act (OMFWSA), Ohio Revised Code (O.R.C.) §§ 4111.03 and 4111.10, for failing to pay overtime; and, (3) a violation of O.R.C. § 4113.15 for failing to pay all wages due and owing within the time period specified therein. (R. 1). Defendants jointly moved for summary judgment on Plaintiff's claims (R. 20), which Plaintiff has opposed. (R. 27). Defendants also filed a reply in support. (R. 28).

## II. Summary of Factual Allegations

Plaintiff alleges in her Complaint that, at all times relevant, Defendants compensated her

work on an hourly basis at the rate of $25.50 per hour, and that she routinely worked in excess of 40 hours a week. (R. 1, PageID# 4, ¶16). Plaintiff alleges, by way of example, that her ADP Earnings Statements attached as Exhibit 1 show that for the Pay Period starting 1/16/2020 and ending on 1/31/2020, Plaintiff worked 114.82 hours, "but Defendants failed to pay Plaintiff at a rate of one and one-half (1.5) times her regular rate of pay (*i.e.* $38.25 per hour) for 34.82 overtime hours she worked, as required by the FLSA, which resulted in Plaintiff not receiving $443.95 of overtime pay." *Id*., citing R. 1-1, PageID# 16.

Based on the evidence presented in support of and against the motion for summary judgment, it is not entirely clear that Plaintiff worked 34.82 hours of overtime this period, as Plaintiff was paid twice a month rather that every two weeks. Plaintiff acknowledged she was paid bimonthly in her deposition. (R. 20-7, PageID# 268, p. 37). Therefore, there were twelve weekdays during that time period, resulting in 96 hours that could have been compensated at regular pay. [12 weekdays x 8 hours = 96 hours]. Thus, it is possible that Plaintiff was owed a lesser amount of 18.82 hours of overtime for that time period, which would result in a wages shortfall of $239.96. During the deposition of Defendant Zeid, he acknowledged that for the Pay Period starting 1/16/2020 and ending on 1/31/2020, Plaintiff was not paid *any* overtime hours. (R. 20-3, PageID# 166, pp. 5-8). He believes she is owed approximately $250.00 for this time period. *Id*.

The Complaint also points to Plaintiff's ADP Earnings Statement for the Pay Period starting 03/16/2020 and ending on 03/31/2020, which shows Plaintiff worked 98.76 hours, but only received overtime pay for 2.48 hours rather than 18.76 hours. (R. 1, PageID# 5, ¶19). Again, this time period contained twelve weekdays, which means 96 hours of regular time pay could be appropriate unless Plaintiff's hours were disproportionately skewed to one workweek

2

over another. Nevertheless, even assuming a typical weekday work schedule, it is possible Plaintiff was not fully compensated for 0.28 hours (approximately 17 minutes of overtime or $3.57).

The remainder of the examples in the Complaint are all more akin to the second *de minimis* example rather than the first. Based on a bimonthly pay schedule, the number of weekdays typically varies from 11 to 12. An hourly employee who works eight-hour shifts on weekdays only, therefore, would only be entitled to overtime if he or she worked in excess of 88 or 96 hours respectively unless the amount of hours exceeded 40 hours in one workweek. Thus, the assumption—that any hours worked in excess of 80 hours should be compensated at the overtime rate—is not necessarily warranted. The Court's own review of the Exhibit 1 attached to the Complaint shows that, during a single pay period, Plaintiff typically worked between 75 to 95 hours, with the sole outlier being Plaintiff's first example of 114.82 hours.[1]

Nevertheless, the Court cannot assume Plaintiff's schedule was confined to standard weekdays, as it has not been presented with any evidence on the issue. It remains unknown whether Plaintiff worked well in excess of forty hours one workweek while working significantly less than full-time in another during the same pay period. In addition, Plaintiff claimed at her deposition that Jill Salsbury, the Defendants' bookkeeper, had relayed a conversation to her where Defendant Zeid ostensibly told Salsbury not to pay Plaintiff overtime. (R. 20-7, PageID# 263, p. 20).

### III. Summary Judgment Standard

Summary judgment is appropriate only if the moving party demonstrates there is no

---

[1] The Court has excluded the low outlier of 45.30 hours for the second half of August in 2020, which may reflect a time period during which Plaintiff was on vacation. R. 20-5, PageID# 204.

genuine dispute of material fact on an issue that would entitle the movant to judgment as a matter of law. Fed.R.Civ.P. 56(a). "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A court "must shy away from weighing the evidence and instead view all the facts in the light most favorable to the nonmoving party and draw all justifiable inferences in their favor." *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 410 (6th Cir. 2021); *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge…." *Anderson*, 477 U.S. at 255. Nevertheless, a disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

### IV. Law and Analysis

The FLSA imposes a number of requirements on employers. Most relevant to this case:

> [T]he FLSA also imposes overtime requirements on employers. *See* 29 U.S.C. § 207(a)(1). Specifically, the statute requires employers to compensate employees at one and one-half times their regular rate for each hour worked in excess of 40 hours per week. *See* 29 U.S.C. § 207(a)(1). "Regular rate" is generally defined by the total weekly pay divided by the weekly hours. *See id*. at § 207(e); 29 C.F.R. § 778.109. All employees that fall within this provision are "entitled to overtime pay calculated in this way, whether the employer pays them on an hourly basis or not." *Acosta v. Min & Kim, Inc.*, 919 F.3d 361, 363 (6th Cir. 2019).

*Walsh v. KDE Equine, LLC*, 56 F.4th 409, 413 (6th Cir. 2022).[2]

First, the Court notes that Defendants do *not* argue that Plaintiff is exempt from the FLSA's

---

[2] FLSA also requires employers to "make, keep, and preserve" payroll records for a period of time. *Walsh*, 56 F.4th at 413 (quoting 29 U.S.C. § 211(c)).

4

requirements as an individual who is "employed in a bona fide executive, administrative, or professional capacity ...." 29 U.S.C. § 213(a)(1). Second, Defendants have not argued that any of the named Defendants do not qualify as an employer for FLSA purposes.

Defendant's motion for summary judgment does raise some potentially meritorious arguments that Plaintiff's claim for overtime may be overstated based on alleged miscalculations due to a misunderstanding caused by Plaintiff's bimonthly pay schedule. As stated above, when addressing a motion for summary judgment, it is not this Court's function to weigh the evidence and determine the truth of the matter. Rather, the Court must determine whether a genuine issue of material facts remains for trial. Defendants have essentially admitted that some overtime hours are due to Plaintiff, but believe the amount owed is as little as $250. (R. 20-3, PageID# 166, pp. 5-8; R. 20 at PageID# 123). Defendants have cited no authority suggesting there is a minimum amount of overtime wages that are due before an FLSA claim is actionable. Further, they have presented no evidence that Defendants have actually tendered the conceded amount to Plaintiff.

As noted above, the Court also cannot assume that Plaintiff worked weekdays only, or that her hours were evenly distributed over the weeks she worked. Neither side has drawn this Court's attention to any records that show the number of hours worked in a given week, and the paystubs provided show only the overall hours worked in a given pay period without any further explanation. Making all reasonable inferences in favor of the non-moving party as this Court must when addressing a summary judgment motion, it remains possible that Plaintiff worked in excess of forty hours in a workweek even where she did not exceed 88 or 96 hours in a pay period containing eleven or twelve weekdays respectively.

To the extent Defendants believe they are entitled to summary judgment because Plaintiff was unable to pinpoint during her deposition the exact number of hours in overtime she believes

5

she is owed, Defendants cite no authority in support of its position. Thus, Defendants have not carried their burden of showing an entitlement to summary judgment.

In her brief in opposition, Plaintiff asserts that Defendants' good faith affirmative defense to the imposition of liquidated damages fails as a matter of law. (R. 27, PageID# 949-952). The Court does not necessarily construe Defendants' motion as seeking summary judgment on the issue of whether Defendants acted in good faith. While some passing references are made in Defendants' brief regarding their acting in good faith, no legal argument was developed. (R. 20, PageID# 124). To the extent Defendants have raised the issue, the Court finds Defendants have not shown that no genuine issue of material fact remains. By way of example, Plaintiff has testified that Defendants explicitly instructed the bookkeeper not to pay her overtime. Whether Plaintiff's testimony is credible is an issue of fact not properly resolved at summary judgment.

Conversely, Plaintiff's brief in opposition, in its penultimate sentence, asserts that "Plaintiffs are entitled to summary judgment as to the failure of Defendants' good faith defense." (R. 27, PageID# 952). Plaintiff has not filed a motion for summary judgment and may not move for summary judgment in her favor in an opposition brief.

## V. Conclusion

Defendants' Motion for Summary Judgment (R. 20) is hereby DENIED, for the foregoing reasons. Considering the directive in Federal Rule of Civil Procedure 1, the Court will schedule a status conference with the parties to discuss the case management schedule.

IT IS SO ORDERED.

s/ *David A. Ruiz*
United States District Judge

Date: September 27, 2024

6