IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE M. KOVACH, | Case No. 1:21-cv-01817 |
| Plaintiff, | |
| -vs- | |
| | JUDGE DAVID A. RUIZ |
| AFFINITY WHOLE HEALTH LLC, *et al.*, | **Memorandum Opinion and Order** |
| Defendants. | |

Pending before the Court is the parties' Joint Motion for Approval of Settlement (R. 41) to which the parties attached their proposed settlement agreement. (R. 41-1, Exh. 1). As explained below, the Court finds that the proposed settlement amounts to a fair resolution of Plaintiff's claims under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, *et seq*.

## I. Background

Plaintiff Christine M. Kovach ("Plaintiff"), on her own behalf, filed this action against Defendants Affinity Whole Health LLC, Jerry Sloan, and Brian Zeid ("Defendants") alleging, among other claims, that they knowingly and willfully violated the FLSA by failing to pay Plaintiff overtime compensation at the rate of one and one-half times their regular rate of pay for the hours she allegedly worked over 40 hours each workweek. (R. 1, ¶¶ 36-53). Defendants denied that they violated the FLSA, insisting that Plaintiff was an exempt employee. (R. 8, ¶9). The parties have

reached a settlement that resolves Plaintiff's claims, and now seek approval of the Joint Settlement. (R. 41).

## II. Applicable Law

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (internal quotations omitted) (citing 29 U.S.C. § 202(a)). Because employees are guaranteed certain rights by the FLSA, "public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cty. Gov.*, No. 5:06-cv-299, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008); *Chambers v. A.R.E. Accessories LLC*, No. 5:23-CV-890, 2024 WL 3179702, at *2 (N.D. Ohio June 26, 2024) (Lioi, J.).

FLSA's provisions are mandatory except in two narrow circumstances: (1) FLSA may be compromised where claims are supervised by the Secretary of Labor; and (2) when a court reviews and approves a settlement in a private action under 29 U.S.C. § 216(b). *Chambers*, 2024 WL 3179702, at *2 (*citing Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)).

As explained in another decision from within this District, the following considerations apply in review of proposed FLSA settlements:

> In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.' " *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010) (*quoting Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 719 (E.D. La. 2000)

2

(further citation omitted)). The existence of a *bona fide* dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id*. (*citing Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. [footnote omitted] *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (*citing Blum v. Stenson*, 465 U.S. 886, 893, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)).

*Schneider v. Goodyear Tire & Rubber Co.*, 2014 WL 2579637 at * 2 (N.D. Ohio June 9, 2014);

*accord Lansbury v. City of Ashtabula, Ohio*, No. 1:23CV01937, 2024 WL 1742380, at *1–2 (N.D. Ohio Apr. 18, 2024).

### III. Analysis

First and foremost, the Court finds that the present action presents a *bona fide* dispute and the parties possess divergent views of the facts and the applicable law that, in the absence of a settlement, would have necessitated a trial. The parties' attorneys actively litigated this action through discovery and the dispositive motion stage, with the Court ultimately denying Defendants' motion for summary judgment. (R. 29).

The Court observes that the settlement was the result of arms-length negotiations between parties and there is certainly no hint of fraud or collusion. *See, e.g., Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992) ("Absent evidence of fraud or collusion, such settlements are not to be trifled with.")

With respect to the monetary awards to Plaintiff, the Joint Motion for Approval was filed under seal. The Court is aware of the total amount of the settlement for Plaintiff's claims and her attorneys' fees. (R. 41-1, Exh. 1). The Court finds that the agreed upon settlement amount is

3

reasonable, especially in light of the Court's assessment of the amount in controversy as set forth in the order denying summary judgment. (R. 29).

Finally, Plaintiff's probability of success on the merits was not a foregone conclusion. The results of a trial, based on this Court's understanding of the facts in dispute, are wholly unpredictable.

### IV. Conclusion

For the foregoing reasons, the Court grants the Joint Motion for Approval of Settlement. (R. 41). As the parties have reached a settlement, which this Court hereby approves, the docket is marked "resolved and dismissed without prejudice."

The parties shall file a Stipulated Notice of Dismissal with Prejudice within thirty (30) days or move for an enlargement of time to do so, which, if approved, shall supersede this order.

IT IS SO ORDERED.

Date: November 19, 2025

*s/ David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE